**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY** | * | **CIVIL ACTION NO. 25-2498** |
| | * | **JUDGE ELDON E. FALLON** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE** |
| **CODY FORTIER** | | **EVA J. DOSSIER** |
| | * | |

\*     \*     \*     \*     \*     \*     \*

## ORDER & REASONS

Before the Court is a Motion to Transfer Venue filed by Defendant Cody Fortier. R. Doc. 7. Plaintiff Nationwide Mutual Insurance Company ("Nationwide") opposes the motion. R. Doc. 11. Considering the record, briefing, and applicable law, the Court now rules as follows.

### I.     BACKGROUND

This is a breach of contract action brought by Nationwide against Cody Fortier. R. Doc. 1. Nationwide alleges that it entered into an indemnity agreement with Defendant Fortier wherein, in exchange for both corporate and personal indemnity from Fortier and his company, Rigid Constructors, LLC ("Rigid"), Nationwide would issue surety bonds on certain construction projects in Louisiana and Texas. *Id.* at 1–4. Nationwide issued bonds pursuant to the indemnity agreement on two relevant projects—one in Pontchartrain, Louisiana, and one in Houston, Texas. *Id.* at 5–8. Fortier allegedly failed to reimburse Nationwide for the costs it incurred related to these two bonds, despite both Nationwide's demands and the indemnity agreement's charge to do so. *Id.* at 5–9. This lawsuit followed.

### II.     PRESENT MOTION

Fortier now moves for a change of venue, arguing that the United States District Court for the Eastern District of Louisiana is an improper venue and asking for the transfer of this matter to

the Western District of Louisiana, Lafayette Division. R. Doc. 7. He argues that, pursuant to 28 U.S.C. § 1391(b)(1), the Western District is the only available venue because it is the "judicial district in which [the] defendant resides." R. Doc. 7-1 at 4. Additionally, Fortier presses that there are no facts alleged in the Complaint that substantiate Nationwide's claim that a "substantial part of the events or omissions" occurred in the Eastern District of Louisiana to give rise to venue under 28 U.S.C. § 1391(b)(2). *Id.* However, if the Court were to find that the Eastern District is a permissible venue under 28 U.S.C. § 1391, he asks the Court to transfer this case to the Western District of Louisiana, Lafayette Division, pursuant to 28 U.S.C. § 1404(a). *Id.* at 5–6.

Nationwide opposes the motion, primarily arguing that the indemnity agreement's forum selection clause provides that Nationwide may bring an action in this judicial district and that Fortier waived his right to challenge venue in this forum. R. Doc. 11. It alternatively argues that the Complaint provides sufficient facts to show that a substantial portion of the events giving rise to the claims occurred in the Eastern District. *Id.* at 6. Specifically, Nationwide argues that the complaint adequately describes that "[t]he reason why [it] was forced to incur attorney's and professional's fees is because of the multiple claims made on the [Pontchartrain project]" for work done within the Eastern District of Louisiana, and that this "is more than enough, under Section 1391(b)(2), for the Complaint to be filed in the Eastern District." *Id.* at 6.

### III.    LEGAL STANDARD

Section 1406 provides that "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." To determine whether venue is wrong in the present division or district, courts turn to 28 U.S.C. § 1391. Section 1391 provides three statutorily-permissible venue options: (1) the judicial district where all defendants reside,

(2) "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) if there is no district under the first two subsections, any judicial district in which any defendant is subject to the court's personal jurisdiction in the relevant action. 28 U.S.C. § 1391(b)(1)–(3).

"Section 1391 dictates where a plaintiff may properly bring a civil suit unless the parties negotiated a forum-selection clause." *Blue Racer Midstream, LLC v. Kelchner, Inc.*, No. 16-3296, 2018 WL 993781, at *1 (N.D. Tex. Feb. 21, 2018) (citing 28 U.S.C. § 1391). In the usual course and in the absence of a forum selection clause, if the plaintiff's chosen forum does not comport with 28 U.S.C. § 1391, a court may transfer venue pursuant to 28 U.S.C. § 1406. But under certain circumstances, like in the event of a forum selection clause, "parties may consent to a venue that is not expressly authorized by statute." *J.D. Fields & Co. v. Shoring Eng'rs*, 391 F. Supp. 3d 698, 705 (S.D. Tex. June 13, 2019).

"It is well-settled that venue is proper in any district agreed to under a forum selection clause—even if that district would not have been proper under § 1391." *WorldVentures Holdings, LLC v. Mavie*, No. 18-393, 2018 WL 6523306, at *14 (E.D. Tex. Dec. 12, 2018); *see also Huawei Techs. Co. v. Yiren Huang*, No. 17-893, 2018 WL 1964180, at *8 (E.D. Tex. Apr. 25, 2018). The Supreme Court has established that a "valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). In the Fifth Circuit, a forum selection clause is "*prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

A venue may also be available under 28 U.S.C. § 1391 *and* be a venue provided for by a forum selection clause. In that event, the moving party would request a transfer under 28 U.S.C. § 1404(a). A valid and enforceable forum selection clause modifies the typical 28 U.S.C. § 1404(a) analysis. "Under the transfer venue analysis, the Court deems the private interest factors weigh heavily in favor of the chosen forum because the parties agreed to the valid forum-selection clause, but the court may consider public interest factors." *Blue Racer Midstream*, 2018 WL 993781, at *3 (citing *Atlantic Marine*, 571 U.S. at 63–64). "However, public interest factors rarely defeat the agreed upon forum because the party opposing the agreed-to forum must show the public interest factors 'overwhelmingly disfavor' that forum." *Id.* (citing *Atlantic Marine*, 571 U.S. at 66).

## IV.    DISCUSSION

Defendant asks the Court to transfer venue to the Western District of Louisiana, Lafayette Division, because Plaintiff's choice of venue is not proper under 28 U.S.C. § 1391, and the Western District of Louisiana, Lafayette Division, is the proper venue pursuant to § 1391(b)(1). R. Doc. 7. Plaintiff claims that Defendant waived his right to challenge venue in the Eastern District of Louisiana through the indemnity agreement's forum selection clause. R. Doc. 11. Furthermore, Plaintiff presses that this is a proper venue pursuant to § 1391(b)(2).

For the following reasons, the Court finds that the Eastern District is a proper venue under § 1391(b)(2) and, even if this district was not a statutorily proper venue, Defendant is barred from making venue objections pursuant to the forum selection clause.

### A.  A Substantial Part of the Events or Omissions Are in the Eastern District.

Defendant contests that the Eastern District of Louisiana is a proper statutory venue. R. Doc. 7. Section 1391(b)(2) provides that venue can lie in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property

that is the subject of the action is situated." Nationwide avers that it filed suit in the Eastern District of Louisiana because a substantial portion of the damages it incurred in this case are the result of work done and omissions that occurred on the Pontchartrain project—a project located within the geographical bounds of the Eastern District of Louisiana. R. Doc. 11 at 6.

The Fifth Circuit has stated that "[a]lthough the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial." *McClintok v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir. 2008). Additionally, district courts observe that this inquiry is more qualitative than quantitative, requiring the court to assess the overall nature of the plaintiff's claims and the specific events or omissions in the forum. *E.g.*, *Interconnect Media Network Sys., LLC v. Devs. & Managers Grp., LLC*, No. 21-4212, 2023 WL 4497263, at *4 (W.D. La. July 12, 2013).

Here, Nationwide alleged enough facts to allow venue to lie in the Eastern District of Louisiana. The indemnity agreement provides that Fortier promised to "exonerate, indemnity and save harmless Surety from and against any and all Loss" related to the issued bonds. R. Doc. 11-1 at 14. "A promise to exonerate a surety creates in the promisor 'a duty to perform the underlying obligation at the time the performance is due.'" *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (W.D. Tex. 2013) (quoting Restatement (3d) of Suretyship & Guar. (1996) § 21 cmt. i). According to Nationwide, Fortier had a duty to pay the subcontractors and suppliers who performed work on, *inter alia*, the Pontchartrain project. *E.g.*, R. Doc. 1 at 6–7. Therefore, omissions, such as the alleged failure to pay certain suppliers and subcontractors who performed work or provided supplies to the Pontchartrain project, occurred in the Eastern District of Louisiana. As a result, multiple payment bond claims were submitted, which caused Nationwide to incur substantial losses and expenses. *See* 28 U.S.C. § 1391(b)(2). Therefore, the events and

5

omissions giving rise to a substantial portion of Nationwide's claim occurred in the Eastern District of Louisiana. The Court finds that the Eastern District is a proper venue for this action.

Fortier asked the Court to transfer venue pursuant to 28 U.S.C. § 1404(a) in the event the Court found that the Eastern District is a proper venue. Before conducting this analysis, the Court must address Nationwide's argument that Fortier waived his right to challenge venue through the forum selection clause because the Court's determination of that issue will affect the § 1404(a) analysis.

### B. Venue Is Proper Under the Forum Selection Clause.

Even though the Eastern District is a proper venue, the Court notes that parties seemingly may waive their right to challenge venue through a forum selection clause even when the chosen forum or fora would not be considered proper venue(s). "The Fifth Circuit has not definitively addressed the question of whether the parties may agree to litigate in an otherwise improper forum; however, other district courts have persuasively held that venue is proper in any agreed upon district under a forum selection clause—even if that district would not have been proper under § 1391." *B & T Boat Rentals*, 2021 WL 3660980, at *4 (citing *Huawei Techs.*, 2018 WL 1964180, at *7–8). Thus, "in the absence of Fifth Circuit precedent invalidating forum-selection clauses that provide for venues outside of § 1391's categories," the Court notes that it would reach the same conclusion—that venue is proper in the Eastern District of Louisiana—even if it determined this district was not statutorily proper.

The Court begins by looking to the forum selection clause. The relevant indemnity agreement states the following:

> The Indemnitors submit to the jurisdiction of the state and federal courts situated in New York, waiving any defenses of lack of personal jurisdiction and waiving venue arguments, including forum non conveniens, in any action brought by Surety in the State of New

York. <u>Surety reserves the right to bring an action in any state where an Indemnitor has substantial contacts or where a project covered by a Bond subject to this Agreement is located or where a claimant brings suit against Surety on a Bond covered by this Agreement and Indemnitors agree to submit to the jurisdiction of the courts in such state</u>.

R. Doc. 11-1 at 8. The forum selection clause clearly provides Nationwide with the option to file suit in New York's state and federal courts and provides that Fortier, by signing the agreement, waived venue objections in those fora. Then, the clause further provides Nationwide with three less defined forum options: it can bring an action (1) "in any state where an Indemnitor has substantial contacts;" (2) "in any state . . . where a project covered by a Bond subject to this Agreement is located;" or (3) "in any state . . . where a claimant brings suit against a Surety on a Bond covered by this Agreement and Indemnitors agree to submit to the jurisdiction of the courts in such a state." *Id.*

Nationwide invokes the second option because a bond issued pursuant to the indemnity agreement covered the project in Pontchartrain, Louisiana. R. Doc. 11 at 2–3. This is part, but not all, of the reasoning why the forum selection clause allows the Eastern District of Louisiana to be one of many permissible fora. Here, Nationwide did not commence the litigation in the *named* permissive forum of the state or federal courts of New York. Instead, Nationwide elected to bring this action in one of the three malleable forum options—notably, also, forum options listed in a sentence that prefaces each of the three options with the clause that Nationwide "reserves the right to bring an action *in any state where* . . ." one of the three following circumstances applies. R. Doc. 11-1 at 8 (emphasis added). The Court must first address whether this federal court falls within the clause's "any state" language.

Though less clear than the sentence addressing New York as a venue, courts in this circuit have interpreted similar language to provide for venue in either state or federal courts. *E.g.*,

7

*LeBlanc v. C.R. England, Inc.*, 961 F. Supp. 2d 819, 829 (N.D. Tex. 2013) ("the 'State of Utah' terminology leaves venue open to both state and federal courts . . . given that there are both state and federal courts located and operating in Utah state"). For example, in *LeBlanc v. C.R. England, Inc.*, the court evaluated a forum selection clause that stated "the venue of litigations . . . shall be in the State of Utah." *Id.* That court found that the language provides for venue in both federal and state court, reasoning that this determination "comports with that of numerous other courts in the Fifth Circuit and elsewhere holding that unless the terminology clearly eliminates federal courts from the venue equation, and there are federal courts operating in the venue described, that venue is proper in federal and state courts." *Id.* (citing *Alliance Health Grp., LLC v. Bridging Health Options*, *LLC*, 553 F.3d 397, 399–400 (5th Cir. 2008)). Thus, the forum selection clause does provide that the Eastern District of Louisiana is a contractually permissible forum because it is a court "in [a] state . . . where a project covered by a Bond subject to this Agreement is located."

The Court finds that Fortier contractually waived any venue objections in this Court via the binding forum selection clause in the indemnity agreement. However, the Court must now determine if the forum selection clause is enforceable.

### C.  Defendant Did Not Show That the Clause Is Unreasonable.

Forum selection clauses in a written contract, in the Fifth Circuit, will be *prima facie* valid and enforceable unless the party opposing its applicability shows that it is unreasonable. *E.g.*, *J.D. Fields & Co.*, 391 F. Supp. 3d at 705 (citing *Kevlin*, 46 F.3d at 15). "A forum selection clause is 'potentially' unreasonable if:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4)

> enforcement of the forum selection clause would contravene a strong public policy of the forum state."

*Id.* at 705–06 (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)). The party challenging the enforceability bears a heavy burden of proof. *Id.* at 706 (citing *Haynsworth*, 121 F.3d at 963). Here, Fortier has failed to carry his heavy burden of showing that the forum selection clause is unreasonable, and indeed, does not address this issue in its motion briefing. *See* R. Doc. 11. Moreover, Fortier does not ask the Court to interpret the contract. Therefore, the forum selection clause is *prima facie* valid. The Court will now turn to the forum selection clause's effect on the § 1404(a) analysis.

### D.  28 U.S.C. § 1404(a) Transfer Analysis.

"A forum-selection clause alters the usual venue transfer analysis because the court deems the private interest factors weigh in favor of the parties' preselected forum." *Blue Racer Midstream*, 2018 WL 993781, at *1 (citing *Atlantic Marine*, 571 U.S. at 63–64). "'A district court may consider arguments about public-interest factors;' however, the public interest factors 'will rarely defeat' the forum-selection clause." *Id.* (citing *Atlantic Marine*, 571 U.S. at 64). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Defendant did not address the public interest factors in his briefing. Moreover, the Court does not find that any of the public interest factors overwhelmingly disfavor the bargained-for forum options in the indemnity agreement, which resulted in the Eastern District being one of the bargained-for venues. The Court will not transfer this case to the Western District of Louisiana, Lafayette Division, pursuant to § 1404(a).

## V.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to transfer venue, R. Doc. 7, is **DENIED**.

New Orleans, Louisiana, this 18th day of March, 2026.

THE HONORABLE ELDON E. FALLON